UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CHRISTOPHER S. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:11-11-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| RICHARD A. HUGHES, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint which was originally filed in Fayette Circuit Court [DE 1].

In that Complaint, Plaintiff avers that he suffered injury due to the negligence of Defendant Richard A. Hughes in his operation of a motor vehicle and that such negligence can, in turn, be ascribed to Defendant Hawkline Nevada, LLC, on theories of vicarious liability, negligent entrustment, and negligent screening, hiring, training, and/or supervision. Plaintiff avers that he has suffered "serious and permanent physical injury," "impairment of bodily functions," "pain, suffering and mental anguish, past, present, and future;" "past and future medical expense;" "miscellaneous expense and inconvenience, past and future;" and "loss of past income and impairment of future earning capacity." [Compl. at ¶ 9.] Plaintiff does not specify an amount of

-1-

damages except to state that his damages "exceed the minimum amount of [the Fayette Circuit Court]."[1] [*Id.* at ¶ 10.]

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010 and 24A.120.

sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In their Notice of Removal, Defendants appear to rely solely on the averments of Plaintiff's Complaint in an attempt to demonstrate the requisite amount-in-controversy, stating only that "[t]his is a civil action where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs . . . ." [DE 1 at ¶ 6.] This is not enough, and, unless Defendants can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Fayette Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** on or before **January 21, 2011,** why this matter should not be remanded to Fayette Circuit Court.

This the 7th day of January, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge